## City of Butler v. Fraternal Order of Police, Lodge No. 32

*James Coulter,* for plaintiff.
*Gary M. Lightman,* for defendant.

KIESTER, *S.J.,* December 31, 1991—This case was before the court December 6, 1991, on defendant's preliminary objections to the complaint.

The complaint for a declaratory judgment raises these issues:

(1) Is Ordinance 1356 of the City of Butler valid and enforceable?

(2) Does Ordinance 1356 adopted July 11, 1991, supersede an award of the arbitrators entered April 24, 1991?

Defendant's preliminary objections are in the form of a demurrer to the complaint.

### FACTS

For the purpose of ruling on the objections, the court must assume that defendant admits the relevant facts set forth in the complaint. Briefly stated plaintiff and defendant reached an impasse in their contract nego-

tiations and entered into binding arbitration under the Act of Assembly (43 Pa.C.S. §217.4.)

The arbitration award of April 24, 1991, fixed residency requirements for city police officers as within a 15-mile radius of City Hall.

On or about July 11, 1991, the city adopted Ordinance no. 1356 which requires all city employees to be or become residents of the city.

## THE LAW

A city or other municipality is not a sovereign power. Under the Pennsylvania Constitution a "'Municipality' means a county, city, borough, incorporated town, township or any similar general purpose unit of government which shall hereafter be created by the General Assembly." (Art. 9, §14)

The Legislature has empowered Council to appoint and dismiss employees and to prescribe by ordinance the number, duties and compensation of employees of the city, including policemen. Council establishes the qualifications of policemen and the rules and regulations for the organization of the police force. (See 53 P.S. §35101 etc.)

What the Legislature has granted the Legislature may take away.

Where an impasse arises in a dispute between a public employer and its policemen either party may request the appointment of a board of arbitrators. (See 43 P.S. §217.4)

Policemen have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation hours, working conditions, retirement, pensions and other benefits. (See 43 P.S. §217.1 et seq.)

## DISCUSSION

The legislation providing for binding arbitration between a public employer and its policemen is more recent than the legislation empowering the public employer to employ, dismiss and establish the qualifications of policemen. The later amends and supersedes the former.

It is the conclusion of this court that the award of the Board of Arbitrators fixing the police residency requirements as a 15-mile radius of City Hall is binding on the city of Butler. Ordinance 1356 is invalid as to the residency restriction.

A residency restriction makes sense and is reasonable. In the absence of the binding arbitration statute Ordinance 1356 restricting the domicile of a police officer to the city would be upheld.

Neither counsel have submitted to the court in support of their respective positions a case factually in point. In their legal brief attorneys for plaintiff states:

"Defendants have not cited a single case which stands for the proposition that a valid and enforceable ordinance may not supersede an arbitration award. This is because no such case exists."

This is a case of first impression. The facts are not in dispute. The issue is an interpretation of Acts of Assembly that are in conflict.

Defendant's counsel maintains that the complaint is frivolous, vexatious and was initiated in bad faith. Defendants requests the payment of reasonable attorney fees and costs incurred by defendants. In our opinion the complaint raises an issue upon which competent legal scholars may differ. Defendants' objections to the complaint presented an issue that should be determined by the Appellate courts or clarified by Act

of Assembly. Defendant is not entitled to counsel fees pursuant to 42 Pa.C.S. §2503.

## ORDER OF COURT

And now, December 31, 1991, defendants' objection to the complaint in the form of a demurrer is sustained. Plaintiffs' complaint for a declaratory judgment is denied.

Defendant is not entitled to an order on plaintiff to pay defendants' attorney fees and costs.